UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-24937-BLOOM/Torres

JORDAN OWENS,

    Plaintiff,
v.

UNITED STATES OF AMERICA,

    Defendant.
_____/

## ORDER DISMISSING COMPLAINT

**THIS CAUSE** is before the Court upon a review of *pro se* Plaintiff Jordan Owen's ("Plaintiff") Complaint, ECF No. [1]. Plaintiff also filed a Motion for Leave to Proceed *in Forma Pauperis*, ECF No. [3]. Because Plaintiff is a *pro se* litigant who has not paid the required filing fee, the screening provisions of 28 U.S.C. section 1915(e) apply. Under the statute, courts are permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

Moreover, "a district court does, and indeed must, have the power to control and direct the cases on its docket." *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. 1981) (citations omitted). This includes the inherent power to dismiss a case. *See id.* And it includes the power to dismiss a case *sua sponte* when the plaintiff fails to comply with procedural rules. *See Hanna v. Florida*, 599 F. App'x 362, 363 (11th Cir. 2015) (citing Fed. R. Civ. P. 41(b); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 48-49 (1991)).

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim" showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Thereunder, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests[.]" *Twombly*, 550 U.S. at 555 (cleaned up).

"Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). One type of shotgun pleading complaint is one that is "guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id*. at 1322. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests. *Id*. Such a shotgun pleading makes it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trs.*, 77 F.3d 364, 366 (11th Cir. 1996). Therefore, "shotgun pleadings are routinely condemned by the Eleventh Circuit." *Real Est. Mortg. Network, Inc. v. Cadrecha*, No. 8:11-cv-474, 2011 WL 2881928, at *2 (M.D. Fla. July 19, 2011) (citing *Pelletier v. Zweifel*, 921 F.2d 1465, 1518 (11th Cir. 1991)).

The Complaint is a quintessential shotgun pleading in violation of Rule 8(a)(2). The Complaint is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. Plaintiff seeks "damages in the amount of $100,000,000,000,000.00 (100 Trillion Dollars) from the Defendant, the United States of America, for Antitrust/Copyright Violations, Conflict of Interest, and Conspiracy to commit crime." ECF No. [1] ¶ 1. In support, the Complaint states as follows:

> Per current restraint of trade with regard to any such in potential compromise (preferred settlement), the plaintiff exerts that he filed a copyright application for a platform in which holds domain/relevance in copyrighted and infringed material. Copyright Application Number: 1-12248950531 . . . .
>
> The plaintiff is seeking Injunctions to alleviate certain tension between the parties in the way of technologies, enhancements, licensing agreements, non-competes, restraining orders, and ratifying amendments and certain contracts. The plaintiff also seeks extensive reformation to address privacy, data control/management, and racial implications of the constitution and conflicted state power legislation/written law. Lastly, it is the plaintiff's most certain aim to propose that all persons involved in this complaint receive maximum jail time as allowed by law (collective bargaining, among with the power to facilitate plea bargains due to conflicted parties' impact on inflicted regulations rights regarding some nature of concern within this complaint and or relevant to the provided/leveraged material).
>
> 6. Federal adoption of the previewed public safety measures and deployed Injunctions to iterate approval of engagement and control of impacted operations/environments (systems). The plaintiff is requesting the overall management of some state and federal operation/properties including the jail system, abandoned properties, and properties that are not currently in use/needs repair/dormant/lack oversight or in "stalled" market (any building owned by state or federal government not slated to maintain in operation regarding government power overseeing/managing property). . . .
>
> 7. The plaintiff would appreciate a significant line of credit to begin developing some portfolio items that amplify the nature of this complaint without further delay of mechanism. $1,000,000,000,000.00 is appropriate to proctor a pace of development that may enable market ready products before any of you want to actually talk about it (in mechanism). I would feel significantly more comfortable and competent if I was allotted a very precise replication of this particular outlined line of credit per state capital. Please keep this in mind moving forward.
>
> 8. The production of legal counsel provided the court accepts at least 50% obligation from an extensive issue that legally enables appropriate claim to such personnel. Nonetheless, incurring any remaining fees of said personnel as partial settlement, preferably someone who possesses the will to enable suitable settlement for all. GEICO owes me counsel. Speaking of Government Employee Insurance Company, I'm here to very specifically regain some regulation rights, apply them to some tech, then take a particular circumstance and use it to decree further right to some regulation powers. That is outlined in the Internet Information Insurance Product I may display a part of this lawsuit, though may consider it if necessary.

*Id.* at 2.

Case No. 23-24734-cv-BLOOM/Torres

It is unclear how the foregoing supports any of the claims asserted against the United States. This is precisely the kind of shotgun pleading that the Eleventh Circuit has repeatedly condemned, producing a situation in which the counts are "replete with factual allegations [and legal conclusions] that could not possibly be material to [them]." *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (alterations added). Accordingly, the Court is "unwilling to address and decide serious [] issues on the basis of this [C]omplaint." *Id*. (alterations added).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Complaint, **ECF No. [1]**, is **DISMISSED**.
2. Plaintiff's Motion to Proceed *in Forma Pauperis*, **ECF No. [3]**, is **DENIED AS MOOT**.
3. The Clerk of Court is directed to **CLOSE** this case.
4. To the extent not otherwise disposed of, all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 2, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Jordan Owens
151 NE 209th Terrace
Miami, FL 33179
PRO SE